UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ISHMAEL WAHID, *Pro Se*, | ) | Case No.: 5:06CV1663 |
| | ) | |
| Petitioner | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| MAGGIE BEICHTLER, WARDEN, | ) | |
| | ) | |
| Respondent | ) | <u>ORDER</u> |

On July 11, 2006, Petitioner Ishmael Wahid, *pro se* ("Wahid") filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his sentence after pleading guilty in state court to illegal manufacturing of drugs, possession of heroin with no specification, one count of possession of cocaine, and tampering with evidence. (ECF No. 1.) Wahid also filed a Motion to Stay (ECF No. 13), Motion for the Appointment of Counsel (ECF No. 14), and a Motion to Conduct Discovery and Expand the Record (ECF No. 15).

This case was referred to Magistrate Judge Patricia A. Hemann for preparation of a Report and Recommendation on Wahid's Petition. The Magistrate Judge issued her Report and Recommendation on January 10, 2007 and recommended that final judgment be entered in favor of the Respondent and that Wahid's Petition be denied. (ECF No. 19.) Specifically, the Magistrate Judge first found that Wahid had exhausted his state remedies because the Ohio Supreme Court

dismissed Wahid's appeal as not involving any substantial constitutional question. (*Id*. at 10.) The Magistrate Judge then found that Wahid's claims for relief were procedurally defaulted and that Wahid failed to show cause and prejudice as required by the Sixth Circuit in *Maupin v. Smith*, 285 F.2d 135, 138 (6th Cir. 1986). (*Id*. at 10-12.) The Magistrate Judge also found that Wahid's procedural default should not be excused because Wahid did not provide any probative evidence that failure to consider his claims will result in a manifest miscarriage of judgment. (*Id*. at 12.) Based on the Magistrate Judge's conclusion that Wahid has procedurally defaulted his claims, she recommended that this court deny Wahid's Motion for the Appointment of Counsel (ECF No. 14), and Motion to Conduct Discovery and Expand the Record (ECF No. 15) as moot. (*Id.* at 13.)

Wahid filed an Objection to the Report and Recommendation ("Objection") on January 30, 2007. (ECF No. 22.) Wahid's Objection is not well-taken. The court finds that Judge Economus's Order in Case No.: 5:05 CV 2013, adopting Magistrate Judge Gallas's Report and Recommendation that Wahid's prior habeas application be dismissed without prejudice for failure to exhaust state remedies and procedural default was not the cause of Wahid's procedural default here.

In his Objection, Wahid also raises the argument that Magistrate Judge Hemann rested her decision on the issue of procedural default rather than on the issue of failure to exhaust that was primarily addressed by the parties. The Magistrate was well within the bounds to address the issue of procedural default. *See Day v. McDonough*, 547 U.S. 198, 206 (2006) (stating that "[w]hile the issue remains open in this Court, the Courts of Appeals have unanimously held that, in appropriate circumstances, courts, on their own initiative, may raise a petitioner's procedural default, *i.e.*, a petitioner's failure to properly present an alleged constitutional error in state court, and the

consequent adequacy and indepence of state-law grounds for the state-court judgment.") (citations omitted). All materials pertinent to that issue were before her. Furthermore, Wahid has had the opportunity to present his arguments to this court as part of his Objection regarding the issue of procedural default. Those issues have been fully considered by this court in reaching its decision herein.

After carefully reviewing the Report and Recommendation, Petitioner's Objections, and all other relevant materials in the file, the court finds that the Magistrate Judge's conclusions are fully supported by the record and the controlling case law. Accordingly, the court adopts as its own the Magistrate Judge's Report and Recommendation. (ECF No. 15.) Additionally, the court holds that Wahid's Motion to Stay (ECF No. 13) is denied as moot.

Consequently, Wahid's Petition is hereby denied, and final judgment is entered in favor of Respondent. The court further certifies that pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

/s/ *SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

September 28, 2007